BIRDWELL VS BOWLINGER.

*As to evidence by duplicate receipts of the land offices.*

1. A duplicate receipt of the receiver of public monies, in the land offices, is evidence of title at any time before the issuance of the patent.
2. Whether admissible, as such, after the issuance of a patent—*quere.*

In error to the Circuit Court of Benton county.

This was an action of trespass to try titles, brought by Birdwell against Bowlinger.

On the trial, the plaintiff, to support his action, produced in evidence, a certificate or duplicate receipt of the receiver of public monies, for the Coosa land district, showing full payment for a particular tract of land; and which appeared to have issued under the pre-emption act of eighteen hundred and thirty-four.

The Court below decided, that the certificate produced, was not admissible in evidence, and excluded it from the jury: to which the plaintiff excepted, and took a writ of error.

Chilton for plaintiff in error—*Phelan*, contra.

COLLIER, J.—The Circuit Court of Benton, refused to allow the plaintiff to read to the jury the duplicate receipt of the receiver of public monies,

BIRDWELL *vs* BOWLINGER.

for the Coosa land district, to shew the plaintiff's right to recover the possession of the land described in it.

This Court, in the case of *Bullock vs Wilson*,* decided that such a paper was admissible to prove title in the plaintiff, at any time before the issuance of the patent. Whether it could be read for that purpose afterwards, is an open question.

The judgment is reversed, and the cause remanded.

*2Porter's Rep.456.